IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| DAVID H. FELDMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-03920-JRR |
| | ) | |
| v. | ) | |
| | ) | |
| EXPRESS HOMEBUYERS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT, AND INCORPORATED
<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Comes now Express Homebuyers USA, LLC ("EHU" or the "Defendant"), by and through

undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6), 12(d), and

56, and moves to dismiss the complaint (the "Complaint"), DE #1, of David H. Feldman ("Mr.

Feldman" or the "Plaintiff"),[1] or, in the alternative, for entry of summary judgment thereupon, and

in support thereof states as follow:

**I.      Introduction**

This case concerns an individual who received a faux check in the mail from EHU, an

entity that purchases residential homes. Though the at-issue document is clearly an advertisement,

---

[1] It bears notation that while this suit was filed *pro se*, the Plaintiff is a licensed Maryland attorney. Since the arguments set forth herein do not generally speak to the sufficiency of the Complaint's artful pleading, any presumption of leniency in favor of a *pro se* litigation would seem inapplicable. *See, e.g., White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989) (providing a District Court should "hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."). Still, the Defendant respectfully submits any such presumption ought not be afforded since the Plaintiff is quite literally an attorney who has practiced law in this Honorable Court on at least two occasions in the past and who appears to have appeared in several cases in the state courts of Maryland.

and though the at-issue document contains proper disclaimer language, the Plaintiff elected to regard the same as a formal and binding offer to purchase his home. When EHU declined to purchase the Plaintiff's house, this lawsuit followed.

Core problems, however, underlie this litigation. Formalistically, the Plaintiff has not sued EHU but, rather, has sued "Express Homebuyers, LLC," an entity that—as best EHU can tell— does not exist. This problem, in turn, led to the Plaintiff attempting to perfect service on the Maryland State Department of Assessments and Taxation, in lieu of directly serving EHU, even though EHU does have a resident agent in Maryland. Equally problematically, it appears the Plaintiff attempted to act as his own process server, which is forbade under governing law.

While the foregoing issues are, no doubt, remediable (a proper party can be joined and service can be validly perfected with a new summons), two other issues are not remediable. First, the "offer" upon which this suit is premised was not a valid offer capable of being accepted. And, second, even if a valid offer were afoot, Maryland law mandates a home seller to issue a property condition disclosure or disclaimer and then permits a potential purchaser, in turn, to rescind any sales contract. The Plaintiff has never issued any such disclosure or disclaimer. Accordingly, in an abundance of caution, EHU exercised the statutory right of rescission—in a writing the Plaintiff has acknowledged receiving—prior to filing this motion.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged this matter be dismissed or, alternatively, summary judgment be entered in favor of EHU.

## II.     Facts Not Subject to Genuine Dispute

EHU posits the following facts to not be subject to genuine dispute, with the same informing (i) the insufficiency of service of process; (ii) the failure to state a claim for relief; and (iii) EHU's entitlement to judgment as a matter of law:

1.      In July 2025, EHU caused a marketing material (the "Advertisement") to be mailed to the Plaintiff, with the Advertisement being inclusive of a faux check for $501,714 and an expression of interest in purchasing the Plaintiff's home at 2220 Shefflin Ct., Baltimore, Maryland 21209 (the "House"). *See* Exhibits to Complaint, DE #1-1, at p. 1.

2.      While the Advertisement does profess to be a cash offer to purchase the House, language at the foot of the Advertisement reads "DISCLAIMER: This is not a real check. To receive your real cash offer, Call or Text today (410) 538-1512!" *See id*.

3.      The Plaintiff wrote to EHU, on or about July 31, 2025, *inter alia*, "I am writing this letter to accept your offer. Please be in touch with me promptly so that we can agree on a closing date that works for my schedule." *See id.* at p. 2.

4.      In a subsequent e-mail exchange, an agent of EHU wrote to the Plaintiff, noting potential concerns about the condition of the House: "Below that check it says this is not an official offer. Those numbers are based on homes in near perfect condition." *See id.* at p. 4.

5.      On March 30, 2026, counsel for EHU wrote to the Plaintiff, indicating that Maryland law provides an "unconditional right" to rescind a residential real estate contract at any time until statutorily-mandated disclosures have been made. *See* Letter of March 30, 2026, attached hereto as Exhibit A.

6.      In the same letter, EHU—through counsel—wrote, *inter alia*, "[w]ithout conceding that any contract was formed, and without waiver of or prejudice to any and all other defenses, EHB hereby rescinds the alleged contract of sale pursuant to Md. Code Ann., Real Property § 10-702 and/or any and all other applicable law." *See id.*

7.      On the same date, the Plaintiff responded to counsel for EHU, *inter alia*, "I have read your email and the attached letter. I do not agree with your premises and am not prepared to

dismiss the civil action, much less with prejudice. You may proceed accordingly." *See* E-mail of March 30, 2026, attached hereto as Exhibit B.

### III.    Argument: There is Insufficient Service of Process

Process has not been properly served in this case for two reasons: (i) the wrong party was served; and (ii) the Plaintiff purports to have effectuated service himself. As noted *supra*, "Express Homebuyers, LLC" does not appear to be a real entity conducting business in Maryland, though EHU is very much a real entity. By suing the wrong party, the Plaintiff overlooked that EHU maintains a resident agent in Maryland and impermissibly served the Maryland State Department of Assessments and Taxation ("SDAT"). Moreover, the Plaintiff used the one adult service agent forbade by law: himself.

#### a.  Service on SDAT is Not Proper

Familiarly, a summons and complaint may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). *See also* Fed. R. Civ. P. 4(h)(1)(A) (making Rule 4(e)(1) applicable to the service of legal entities). Service may also be effectuated by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1)(B).

The return of service in this case shows SDAT was served. *See* Proof of Service, DE #6, at p. 2. Since SDAT cannot be confused for "an officer, a managing or general agent, or any other agent authorized" to receive service, *id.*, it is presumed the Plaintiff attempted service under state law, as permitted by Rule 4(e)(1) and Rule 4(h)(1)(A).

Under Maryland law, service on a limited liability company is made by "serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the

4

resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process." Md. Rule 2-124(h).

EHU maintains a resident agent in Maryland. Specifically, Jason A. Pardo is designated in applicable records as the entity's resident agent. *See* Maryland.gov Printout, attached hereto as Exhibit C. Yet service was not made on Mr. Pardo.

To be sure, Maryland law *does* allow service on SDAT if "(i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the State Department of Assessments and Taxation; or (iii) two good faith attempts on separate days to serve the resident agent have failed." Md. Rule 2-124(o). *See also Reyes v. Manchester Gardens Condo.*, 2020 U.S. Dist. LEXIS 118339, at *10 (D. Md. July 7, 2020) (". . . under these rules, the pecking order seems clear. If the resident agent is alive and in place, a plaintiff must try, and fail twice, to serve a corporation's resident agent before it can effectuate service through SDAT."). Yet here, EHU does have a resident agent (Mr. Pardo); there is no indication Mr. Pardo is deceased or has moved; and there is no record of good faith service efforts having failed.

Service—to the extent actually made—was accordingly perfected on the wrong party. Such error merits dismissal of this suit (albeit without prejudice) under Rule 12(b)(5).

### b. The Plaintiff Cannot Serve the Summons

Even if service on SDAT were deemed proper in this case, there would still be uncertainty as to whether or not such actually occurred. The return of service filed by the Plaintiff does not contain any receipt, or other documentary evidence showing SDAT's acceptance of service. *See* Proof of Service, DE #6. In fact, it is altogether unclear *how* service on SDAT was effectuated (by

hand, by restricted mail, etc.). And these ambiguities compound a core problem: the Plaintiff is not permitted to be the person who serves a summons and complaint.

The Federal Rules of Civil Procedure make plain that "[a]ny person who is at least 18 years old **and not a party** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Courts, in turn, have made clear that a plaintiff in an action cannot serve as her or his own process server. *See, e.g.*, *Lane v. Medford Or. City Att'y's Office*, 2025 U.S. Dist. LEXIS 214305, at *5 (D. Or. Oct. 29, 2025) (". . . courts have consistently held that 'a party cannot themselves effectuate service[.]'") (quoting *Boose v. Musk*, 2025 U.S. Dist. LEXIS 127353, 2025 WL 1836652, at *2 (N.D. Cal. July 3, 2025) (citing *Smith v. Tempe Honda*, 2010 U.S. Dist. LEXIS 160073, 2010 WL 11627813, at *3 (D. Ariz. Mar. 31, 2010))); *Daniels v. Newrez LLC*, 2025 U.S. Dist. LEXIS 169520, at *4-5 (D. Kan. May 12, 2025) ("Plaintiffs are parties and therefore cannot [*5]  serve the summons and Complaint on Defendants."); *Davis v. United States Dep't of the Treasury*, 2020 U.S. Dist. LEXIS 87337, at *4 (M.D. La. May 19, 2020) ("Thus, a plaintiff—even one representing himself—cannot serve a summons and complaint.") (citing Fed. R. Civ. P. 4(c)(2); *Shabazz v. City of Houston*, 515 Fed. Appx. 263 (5th Cir. 2013); *Constien v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010)).

Indeed, as explained by the United States Court of Appeals for the Tenth Circuit, in *Constien*:

> Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail. Although one could question the wisdom of this requirement, the rule contains no mailing exception to the nonparty requirement for service. And the limited history surrounding the relevant rules provisions confirms this reading.

*Constien*, 628 F.3d at 1213-14 (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Procedure & Practice § 1106 n.15 (3d ed. 2002)).

6

Here, while it is altogether unclear *how* SDAT was served (and, by extension, whether or not SDAT ever received the subject process), it is clear *who* made service: the Plaintiff. *See* Proof of Service, DE #6, at p. 2. And while the *Constien* Court notes there may be some dispute as to the wisdom of a rule prohibiting parties to serve as even their own mailing agents, this case perhaps exemplifies the existence of such wisdom: it is—very genuinely—unclear if SDAT was really served. None of the typical indicia of such service (a receipt or some variety of confirmation) are present in this case. Meanwhile, the Plaintiff—without ever endeavoring to make contact with EHU's resident agent or any officer of the entity—has filed his proof of service and proceeded to now seek a judgment by default. *See* Motion for Default Judgment, DE #7.

### IV.   Argument: Dismissal is Appropriate Because No Valid Contract Exists

#### a.   Standard: Motion to Dismiss for Failure to State a Claim

The Federal Rules of Civil Procedure permit a party to seek dismissal for, *inter alia*, a pleading's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive such a motion to dismiss, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), as exemplified by "enough facts to state a claim to relief that is plausible on its face" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In assessing a complaint's allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555. *See also Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013) ("It is now well established that mere conclusory and speculative allegations are not sufficient to withstand a motion to dismiss.").

### b. No Contract Was Properly Formed

While the Complaint in this case does not expressly identify a cause of action, a reasonable reading suggests the claim is one for breach of contract. The Plaintiff appears to be construing the Advertisement as a formal offer, his response thereto as a formal acceptance, and EHU's failure to close as a breach of the resulting contract. Problematically, however, no such contract is—or ever was—extant under Maryland law.

Familiarly, "[i]n Maryland, the elements of a claim for breach of contract are ''contractual obligation, breach, and damages.''" *Cincinnati Ins. Co. v. Fish*, 587 F. Supp. 3d 329, 339 (D. Md. 2022) (quoting *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting *Kumar v. Dhanda*, 198 Md. App. 337, 344, 17 A.3d 744, 749 (2011))).

In turn, the first element—formation of a contractual obligation—requires the existence of a contract. Such cannot occur absent a proverbial meeting of the minds:

> Creation of a contract requires an offer by one party and acceptance by the other party. Acceptance of an offer is requisite to contract formation, and common to all manifestations of acceptance is a demonstration that the parties had an actual meeting of the minds regarding contract formation.

*Cochran v. Norkunas*, 919 A.2d 700, 713 (Md. 2007) (citing *Bramble. v. Thomas*, 914 A.2d 136, 143 (Md. 2007); *Buffalo Steel Co. v. Kirwan*, 113 A. 628, 630 (Md. 1921); *Creel v. Lilly*, 729 A.2d 385, 398 (Md. 1999); *Pavel v. A.S. Johnson*, 674 A.2d 521, 531 (Md. 1996)).

Here, the Plaintiff purports to have accepted an offer contained in a document that expressly notes, *inter alia*, "DISCLAIMER: This is not a real check. To receive your real cash offer, Call or Text today (410) 538-1512!" Exhibits to Complaint, DE #1-1, at p. 1. It is simply not possible to read this language, clearly imprinted upon the Advertisement, and posit the Advertisement contained a definitive offer to enter into a contract on certain terms capable of being accepted.

To the contrary, this familiar disclaimer verbiage makes clear that EHU did *not* intend to form a contract and did *not* intend to make a binding offer. Rather, the verbiage evidences the Advertisement was just that: an advertisement. EHU plainly intended to arouse interest on the part of potential contract counterparties and to solicit communications from such potential counterparties. But EHU, with equal clarity, assuredly did not manifest the binding intent requisite to give rise to a meeting of minds sufficient to sustain the formation of a contract under Maryland law.

For this reason, the Complaint merits dismissal. Moreover, insofar as the absence of a meeting of minds is evident from the Plaintiff's own exhibit to the pleading, and insofar as such an absence of contractual formation cannot be creatively "pleaded around," such dismissal should be with prejudice. *See, e.g.*, *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) (". . . when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.") (quoting *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009)).

## V.    Argument: In the Alternative, Summary Judgment is Proper

As set forth above, the Plaintiff has sued the wrong party, has failed to properly effectuate service of process, and has failed to state a claim for relief. It is thusly urged that dismissal of this proceeding is appropriate. However, to the extent this Honorable Court is disinclined to dismiss this matter with prejudice, EHU believes summary judgment to be appropriate for a separate reason: even if, *arguendo*, there were a contract between the parties, EHU has properly rescinded the contract in accord with the rigors of Maryland law.

As observed by the United States Court of Appeals for the Fourth Circuit: "the well-established, traditional summary judgment standard provides that a party is entitled to summary

9

judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 958 (4th Cir. 2022) (citing Fed. R. Civ. P. 56(a)).

Per this Honorable Court's precedent, "[a] material fact is one that 'might affect the outcome of the suit under the governing law.'" *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 889 (D. Md. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover:

> A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial.

*Gionfriddo*, 769 F. Supp. 2d at 889 (quoting *Anderson*, 477 U.S. at 248).

Here, while the Plaintiff purports to have accepted the putative "offer" of EHU, the record is clear that the Plaintiff—in endeavoring to sell the House—never furnished EHU with a disclosure or disclaimer statement. Such is fatal to any effort to assert the ongoing pendency of a residential real estate sales contract where, as here, EHU has since made clear of its rescission of the agreement to the extent one ever existed.

The Maryland Real Property Code requires a home seller to deliver either a "disclosure statement" or a "disclaimer statement" on a form promulgated by the State Real Estate Commission. Md. Code Ann., Real Prop. § 10-702(c). And the delivery of one of these two forms is a condition precedent to entry "into a contract of sale by the vendor and the purchaser." Md. Code Ann., Real Prop. § 10-702(f)(1). Receipt thereof is to be formally acknowledged in writing, "which shall be included in or attached to the contract of sale." Md. Code Ann., Real Prop. § 10-702(f)(4).

Where, as here, no such disclosure or disclaimer has been provided, an absolute right of rescission exists:

> (1) A purchaser who does not receive the disclosure or disclaimer statement on or before entering into the contract of sale has the unconditional right, upon written notice to the vendor or vendor's agent:
>
>> (i) To rescind the contract of sale at any time before the receipt of the disclosure or disclaimer statement or within 5 days following receipt of the disclosure or disclaimer statement; and
>>
>> (ii) To the immediate return of any deposits made on account of the contract.

Md. Code Ann., Real Prop. § 10-702(h).

Plainly, no disclosure or disclaimer was produced by the Plaintiff in this case. And since the Complaint purports to attach the alleged "contract," the absence therefrom of any formal acknowledgement of receipt of a disclaimer or disclosure—as required by Maryland law— reinforces noncompliance with this core statutory obligation.

This, alone, would be sufficient to merit summary judgment: the Plaintiff is suing for specific performance of an alleged contract that, by operation of law, cannot be performed under because the Plaintiff has not satisfied his statutory disclosure obligations. And there is thusly no need to even look at the post-suit communications, exchanged by the parties, insofar as the absence of a disclaimer or disclosure is independently fatal to the formation of an effective residential real estate sales contract and, by extension, a lawsuit endeavoring to sue under such a residential real estate sales contract.

Yet the post-suit communications between the parties bring this point into even sharper relief: with no disclaimer or disclosure having ever been furnished, EHU has formally rescinded the contract to the extent one ever existed. The putative agreement is thusly a nullity. *See, e.g.*, *Maslow v. Vanguri*, 896 A.2d 408, 423 (Md. App. 2006) (defining "Rescission of Contract" as

"[t]o avoid, or cancel a contract; particularly, nullifying a contract by the act of a party.") (quoting Black's Law Dictionary 1306-07 (6th ed. 1990)).

In short, even if the Advertisement did constitute a formal offer capable of giving rise to a contract, the Plaintiff has not complied with the statutory conditions requisite to form a real estate sales contract and EHU has invoked its statutory right to rescind such a contract. So, to the extent dismissal of this suit with prejudice is not otherwise proper, entry of summary judgment is appropriate: there does not exist any genuine dispute as these material facts, and on these facts EHU is entitled to judgment as a matter of law.

## VI.    Conclusion

WHEREFORE, the EHU respectfully prays this Honorable Court (i) dismiss the Complaint with prejudice; (ii) alternatively, enter summary judgment in favor of EHU and against the Plaintiff; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 31, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Express Homebuyers USA, LLC*

*[Certificate of Service on Following Page]*

12

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of March, 2026, a copy of the foregoing was served via this Honorable Court's CM/ECF system, and served via US Mail, postage prepaid, upon:

David Haskell Feldman
2220 Shefflin Court
Baltimore, MD 21209

/s/ Maurice B. VerStandig
Maurice B. VerStandig

13