

Russell S. Drazin
(202) 683-1562  Direct
rdrazin@pardodrazin.com

March 30, 2026

**VIA EMAIL, FIRST-CLASS MAIL,**
**AND CERTIFIED MAIL**

David Haskell Feldman
2220 Shefflin Court
Baltimore, MD 21209

      **Re:**    David H. Feldman v. Express Homebuyers, LLC,
               Civil Action No. 1:25-cv-03920-JRR

Dear Mr. Feldman:

I represent Express Homebuyers USA, LLC ("EHB"), a Virginia limited liability company registered to do business in the State of Maryland.

You sued an entity that does not exist.

Your Proof of Service is deficient.

However, procedural defects aside, you are hereby notified as follows:

While the marketing mailing sent to you did not constitute a legally binding offer capable of being accepted, even if it did, EHB has an "unconditional right" to rescind any such contract under Md. Code Ann., Real Property § 10-702 (property condition disclosure or disclaimer statement) (copy of statute enclosed for your reference).

You were required to "deliver the completed disclosure or disclaimer statement required by this section to the purchaser on or before entering into a contract of sale by the vendor and the purchaser." See id. Because you did not do so, EHB "has the unconditional right, upon written notice to the vendor or vendor's agent: (i) To rescind the contract of sale at any time before the receipt of the disclosure or disclaimer statement or within 5 days following receipt of the disclosure or disclaimer statement . . . ." See id.

Without conceding that any contract was formed, and without waiver of or prejudice to any and all other defenses, EHB hereby rescinds the alleged contract of sale pursuant to Md. Code Ann., Real Property § 10-702 and/or any and all other applicable law.

Please immediately dismiss your lawsuit with prejudice.

4400 Jenifer Street, NW, Suite 2
Washington, DC 20015
www.pardodrazin.com

(202) 223-7900  Office
(202) 223-7901  Fax
Admitted in DC/MD/VA

**pardo | drazin LLC**
ATTORNEYS AND COUNSELORS AT LAW

March 30, 2026
Page 2


Sincerely yours,

PARDO & DRAZIN, LLC

By: _____
Russell S. Drazin

RSD:das
Enclosure

## Md. Real Property Code Ann. § 10-702

*** Current through the end of the 2025 Regular and 1st Special Sessions of the General Assembly. ***

*Michie's™ Annotated Code of Maryland > Real Property (Titles 1 — 15) > Title 10. Sales of Property. (Subts. 1 — 8) > Subtitle 7. Contracts of Sale — Miscellaneous Provisions. (§§ 10-701 — 10-715)*

## § 10-702. Single family residential real property disclosure requirements.

(a) In this section, "latent defects" means material defects in real property or an improvement to real property that:

(1) A purchaser would not reasonably be expected to ascertain or observe by a careful visual inspection of the real property; and

(2) Would pose a direct threat to the health or safety of:

(i) The purchaser; or

(ii) An occupant of the real property, including a tenant or invitee of the purchaser.

(b)

(1) This section applies only to single family residential real property improved by four or fewer single family units.

(2) This section does not apply to:

(i) The initial sale of single family residential real property:

1. That has never been occupied; or

2. For which a certificate of occupancy has been issued within 1 year before the vendor and purchaser enter into a contract of sale;

(ii) A transfer that is exempt from the transfer tax under § 13-207 of the Tax - Property Article, except land installment contracts of sale under § 13-207(a)(11) of the Tax - Property Article and options to purchase real property under § 13-207(a)(12) of the Tax - Property Article;

(iii) A sale by a lender or an affiliate or subsidiary of a lender that acquired the real property by foreclosure or deed in lieu of foreclosure;

(iv) A sheriff's sale, tax sale, or sale by foreclosure, partition, or by court appointed trustee;

(v) A transfer by a fiduciary in the course of the administration of a decedent's estate, guardianship, conservatorship, or trust;

(vi) A transfer of single family residential real property to be converted by the buyer into a use other than residential use or to be demolished; or

(vii) A sale of unimproved real property.

(c)

**(1)** A vendor of single family residential real property shall complete and deliver to each purchaser:

**(i)** A written residential property condition disclosure statement on a form provided by the State Real Estate Commission; or

**(ii)** A written residential property disclaimer statement on a form provided by the State Real Estate Commission.

**(2)** The State Real Estate Commission shall develop by regulation a single standardized form that includes the residential property condition disclosure and disclaimer statements required by this subsection.

**(d)** The residential property disclaimer statement shall:

**(1)** Disclose any latent defects of which the vendor has actual knowledge that a purchaser would not reasonably be expected to ascertain by a careful visual inspection and that would pose a direct threat to the health or safety of the purchaser or an occupant; and

**(2)** State that:

**(i)** Except for latent defects disclosed under item (1) of this subsection, the vendor makes no representations or warranties as to the condition of the real property or any improvements on the real property; and

**(ii)** The purchaser will be receiving the real property "as is", with all defects, including latent defects, that may exist, except as otherwise provided in the contract of sale of the real property.

**(e)**

**(1)** The residential property disclosure statement shall disclose those items that, to carry out the provisions of this section, the State Real Estate Commission requires to be disclosed about the physical condition of the property.

**(2)** The disclosure form shall include a list of defects, including latent defects, or information of which the vendor has actual knowledge in relation to the following:

**(i)** Water and sewer systems, including the source of household water, water treatment systems, and sprinkler systems;

**(ii)** Insulation;

**(iii)** Structural systems, including the roof, walls, floors, foundation, and any basement;

**(iv)** Plumbing, electrical, heating, and air conditioning systems;

**(v)** Infestation of wood-destroying insects;

**(vi)** Land use matters;

**(vii)** Hazardous or regulated materials, including asbestos, lead-based paint, radon, underground storage tanks, and licensed landfills;

**(viii)** Any other material defects of which the vendor has actual knowledge;

**(ix)** Whether the smoke alarms:

    **1.** Will provide an alarm in the event of a power outage;

    **2.** Are over 10 years old; and

    **3.** If battery operated, are sealed, tamper resistant units incorporating a silence/hush button and use long-life batteries as required in all Maryland homes by 2018; and

**(x)** If the property relies on the combustion of a fossil fuel for heat, ventilation, hot water, or clothes dryer operation, whether a carbon monoxide alarm is installed on the property.

**(3)** The disclosure form shall contain:

**(i)** A notice to prospective purchasers and vendors that the prospective purchaser or vendor may wish to obtain professional advice about or an inspection of the property;

**(ii)** A notice to prospective purchasers that disclosure by the seller is not a substitute for an inspection by an independent home inspection company, and that the purchaser may wish to obtain such an inspection;

**(iii)** A notice to purchasers that the information contained in the disclosure statement is the representation of the vendor and is not the representation of the real estate broker or salesperson, if any; and

**(iv)** A notice to purchasers that the information contained in the disclosure statement is not a warranty by the vendor as to:

    **1.** The condition of the property of which the vendor has no actual knowledge; or

    **2.** Other conditions of which the vendor has no actual knowledge.

**(4)** The vendor is not required to undertake or provide an independent investigation or inspection of the property in order to make the disclosures required by this section.

**(f)**

**(1)** Except as provided in paragraphs (2) and (3) of this subsection, the vendor shall deliver the completed disclosure or disclaimer statement required by this section to the purchaser on or before entering into a contract of sale by the vendor and the purchaser.

**(2)** The disclosure or disclaimer statement shall be delivered to each purchaser before the execution of the contract of sale by the purchaser in the case of a land installment contract, as defined in § 10-101 of this title.

**(3)** The disclosure or disclaimer statement shall be delivered to each purchaser before the execution by the purchaser of an option to purchase agreement or a lease agreement containing an option to purchase provision.

**(4)** At the time the disclosure or disclaimer statement is delivered, each purchaser shall date and sign a written acknowledgment of receipt, which shall be included in or attached to the contract of sale.

**(g)** A purchaser who receives the disclosure or disclaimer statement on or before entering into the contract of sale does not have the right to rescind the contract of sale based upon the information contained in the statement.

**(h)**

**(1)** A purchaser who does not receive the disclosure or disclaimer statement on or before entering into the contract of sale has the unconditional right, upon written notice to the vendor or vendor's agent:

**(i)** To rescind the contract of sale at any time before the receipt of the disclosure or disclaimer statement or within 5 days following receipt of the disclosure or disclaimer statement; and

**(ii)** To the immediate return of any deposits made on account of the contract.

**(2)** A purchaser's right to rescind the contract of sale under this subsection terminates if not exercised:

**(i)** Before making a written application to a lender for a mortgage loan, if the lender discloses in writing at or before the time application is made that the right to rescind terminates on submission of the application; or

**(ii)** Within 5 days following receipt of a written disclosure from a lender who has received the purchaser's application for a mortgage loan, if the lender's disclosure states that the purchaser's right to rescind terminates at the end of that 5-day period.

**(3)** The return of any deposits held in trust by a licensed real estate broker to a purchaser under this subsection shall comply with the procedures set forth in § 17-505 of the Business Occupations and Professions Article.

**(i)**

**(1)** A disclosure statement made under this section does not constitute a warranty by the vendor as to:

**(i)** The condition of the property of which the vendor has no actual knowledge; or

**(ii)** Other conditions of which the vendor has no actual knowledge.

**(2)** A vendor is not liable for an error, inaccuracy, or omission in a disclosure statement made under this section if the error, inaccuracy, or omission was based upon information that was:

**(i)** Not within the actual knowledge of the vendor;

**(ii)** Provided to the vendor by a unit or instrumentality of the State government or of a political subdivision; or

**(iii)** Provided to the vendor by a report or opinion prepared by a licensed engineer, land surveyor, geologist, wood-destroying insect control expert, contractor, or other home inspection expert, dealing with matters within the scope of the professional's license or expertise.

**(j)**

**(1)** A report or opinion prepared by an expert shall satisfy the requirement of subsection (i)(2)(iii) of this section if the information is provided to the vendor pursuant to a written or oral request for the information.

**(2)** In responding to a request for information, the reporting party:

**(i)** May indicate, in writing, an understanding that the information provided will be used in fulfilling the requirements of this section; and

(ii) If so indicating, shall indicate the required disclosures, or parts of required disclosures, to which the information being provided is applicable.

(3) If the reporting party provides the statement under paragraph (2)(ii) of this subsection, the reporting party is not responsible for any items of information, or parts of items, other than those expressly set forth in the statement.

(k)

(1) The rights of a purchaser under this section may not be waived in the contract of sale and any attempted waiver is void.

(2) Any rights of the purchaser to terminate the contract provided by this section are waived conclusively if not exercised before:

(i) Closing or occupancy by the purchaser, whichever occurs first, in the event of a sale; or

(ii) Occupancy, in the event of a lease with option to purchase.

(l) Each contract of sale shall include a conspicuous notice advising the purchaser of the purchaser's rights as set forth in this section.

(m)

(1) The real estate licensee representing a vendor of residential real property as the listing broker has a duty to inform the vendor of the vendor's rights and obligations under this section.

(2) The real estate licensee representing a purchaser of residential real property, or, if the purchaser is not represented by a licensee, the real estate licensee representing an owner of residential real estate and dealing with the purchaser, has a duty to inform the purchaser of the purchaser's rights and obligations under this section.

(3) If a real estate licensee performs the duties specified in this subsection, the licensee:

(i) Shall have no further duties under this section to the parties to a residential real estate transaction; and

(ii) Is not liable to any party to a residential real estate transaction for a violation of this section.

# History

1993, ch. 640; 1994, ch. 3, § 1; 1995, ch. 3, § 1; ch. 384; 2001, ch. 636; 2005, chs. 135, 548; 2007, ch. 401; 2011, ch. 156; 2013, chs. 594, 595.

Michie's™ Annotated Code of Maryland
Copyright © 2026 All rights reserved.