UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

_____ FILEB    _____ ENTERED
_____ LOGGED  SLS  RECEIVED

MAY 1 5 2026

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                         DEPUTY

David H. Feldman,                               )
                                                )
    Plaintiff, Pro se                           )
                                                )    Civil Action No. 25-cv-3920--JRR
                                                )
v.                                              )
                                                )
                                                )
Express Homebuyers, LLC,                        )
                                                )
Express Homebuyers USA, LLC,                    )
                                                )
    Serve Lawrence Bradford Chandler, III)
        6564 Loisdale Court, Suite 315)
        Springfield, VA 22150; and    )
                                                )
Lawrence Bradford Chandler, III       )
                                                )
    Serve Lawrence Bradford Chandler, III)
        6564 Loisdale Court, Suite 315 )
        Springfield, VA 22150          )
                                                )
    Defendants                                  )
                                                )

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND

It is black-letter law that a plaintiff may amend his complaint in the absence

of bad faith, unfair prejudice, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962);

*Nolte v. Capital One Financial Corp.*, 390 F.3d 311 (4th Cir. 2004); *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001); *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). None of the barriers to amendment exists here.

Plaintiff instead is moving promptly to amend before the commencement of discovery and before any responsive pleading has been filed. Plaintiff's proposed Amended Complaint, attached as Exhibit A, accomplishes two goals. First, the Complaint adds two additional Defendants who are responsible for Plaintiff's suffering. Second, the Complaint makes uniform the allegations about the Defendants. Note that the Amended Complaint does not add any new claims for relief.

## STATEMENT OF PROCEDURAL FACTS

Plaintiff filed his original Complaint for specific performance against Express Homebuyers, LLC on November 26, 2025. Express Homebuyers responded by filing a Motion to Dismiss for Failure to State a Claim for Relief, or, in the Alternative, for Summary Judgment more than four month later, on March 31, 2026.

**ARGUMENT**

Clearly, Plaintiff is entitled to amend his Complaint regardless of whether Defendants refuse to consent to the amendment.  Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires."  Leave to amend should be denied only when the amendment would be prejudicial, there has been bad faith on the part of the moving party, or the amendment would be futile.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Nolte v. Capital One Financial Corp.,* 390 F.3d 311 (4th Cir. 2004); *HCMF Corp. v. Allen,* 238 F.3d 273, 276 (4th Cir. 2001); *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999).

This Court has the discretion to decide whether the Plaintiff's proposed Amended Complaint furthers the efficiency of the litigation. *See HCMF Corp.,* 238 F.3d at 27677 (reviewing decision under abuse of discretion standard).  Plaintiff is not adding any new claims for relief.  Rather, all that he doing is adding two additional Defendants who are responsible for Plaintiff's suffering

The new Defendants will not suffer any prejudice if the Court grants Plaintiff's Motion for Leave to Amend.  Express Homebuyers,LLC has not filed a responsive pleading.  The Court has not entered a scheduling order, discovery has not commenced, and no trial date has been set.  Clearly, none of the Defendants

is prejudiced in any way by any significant delay. *See Franks v. Rogers*, 313 F.3d 184 (4th Cir. 2002) (rejecting claims of prejudice because three months between approval of permit and motion to amend could "hardly have prejudiced the defendants").

Plaintiff is not acting in bad faith in offering this amendment. He is not seeking to harass or abuse Defendants in any way. *GSS Properties, Inc. v. Kendale Shopping Center, Inc.,* 119 F.R.D. 379, 381 (M.D.N.C. 1988). Rather, Plaintiff is acting at this early juncture for two reasons. First, he is responding to Express Homebuyers' claim that it is not a legal entity against which relief may be granted. Second, he is revising the Complaint to add Express Homebuyers USA, LLC and Lawrence Bradford Chandler, III to align with the facts

Finally, the amendment is not futile. For a motion to amend to be futile, it must be clearly insufficient or frivolous on its face. *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986). The Amended Complaint states claims similar to those that have already survived a motion to dismiss. Further, given that this Court has yet to rule on the viability of the claims, the proposed Amended Complaint does not contradict or ignore any earlier rulings. *See Nolte v. Capital*

*One Financial Corp.*, 390 F.3d 311 (4th Cir. 2004) (amendment denied as futile when it does not cure deficiencies previously identified by the Court).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves the Court for leave to file the proposed Amended Complaint.

Respectfully submitted,

*David H. Feldman*

David H. Feldman
Plaintiff, Pro se

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I mailed a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend, together with Exhibit A, postage prepaid, to Maurice B. VerStandig, Esq., The VerStandig Law Firm, LLC, 1452 W. Horizon Ridge Pkwy, # 665, Henderson, Nevada 89012, this 12th day of May, 2026.

*David H. Feldman*

**David H. Feldman**
**Plaintiff, Pro se**