IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| DAVID H. FELDMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-03920-JRR |
| | ) | |
| v. | ) | |
| | ) | |
| EXPRESS HOMEBUYERS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Comes now Express Homebuyers USA, LLC ("EHU" or the "Defendant"), by and through undersigned counsel, pursuant to Local Rule 105(2), in opposition to the motion for leave to file an amended complaint (the "Motion"), DE #16, of David H. Feldman ("Mr. Feldman" or the "Plaintiff"), and states as follow:

**I.      Introduction**

The proposed amended complaint (the "Proposed Amendment"), DE #16-2, while slightly different from the original pleading in this case (the "Complaint"), DE #1, is nearly identical in substance and does not address critical deficiencies highlighted in the Defendant's prior motion to dismiss or, in the alternative, for summary judgment (the "Dispositive Motion"), DE #8. The Plaintiff has also failed to abide by this Honorable Court's order to address the merits of the Dispositive Motion on or before May 19, 2026. *See* Order, DE #14.

More problematically, while the Proposed Amendment does attempt to cure one noted deficiency (by seeking to add a proper defendant to this suit), the deficiencies not addressed therein are seemingly unaddressed because they are incurable in nature. As noted in the Dispositive

Motion, amendment is futile.[1] And where, as here, amendment would be futile, case law well supports the dismissal of a suit—or granting of summary judgment—without first permitting leave to amend.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged the Plaintiff's Motion be denied and the Defendant's Dispositive Motion be granted.

## II.    Background

Without rehashing the whole of the Dispositive Motion herein, it bears notation that this case concerns a marketing item (the "Advertisement") sent by EHU, to the Plaintiff, in July 2025. *See* Dispositive Motion, DE #8, at § II(1). The Advertisement included a faux check for the purchase of the Plaintiff's home, alongside disclaimer language indicating the check to not be a genuine negotiable instrument and to instead be meant as a means of soliciting phone calls in which real offers may be made. *Id.* at § II(1-2).

The Plaintiff subsequently attempted to regard the Advertisement as a binding offer and "accept" the same. *Id.* at § II(3). EHU clarified no actual offer had been made. *Id.* at § II(4). Counsel for EHU (other than undersigned counsel) subsequently wrote to the Plaintiff to clarify that Maryland law provides an "unconditional right" to rescind any residential real estate contract until certain disclosures have been made, and exercised said right to the extent, *vel non*, a contract was in existence. *Id.* at § II(5-6).

---

[1] The Plaintiff indicates, in a memorandum of law in support of the Motion, *inter alia*, "[t]he Amended Complaint states claims similar to those that have already survived a motion to dismiss." Memorandum of Law, DE #16-1, at p. 4. The Defendant is genuinely not certain why the Plaintiff believes any claims have "survived a motion to dismiss." As noted *passim*, the Plaintiff has not responded to the Dispositive Motion (aside from wrongfully suggesting such to be moot) and this Honorable Court is yet to rule on the Dispositive Motion.

The Defendant, upon learning of this suit, filed the Dispositive Motion, urging (i) dismissal for insufficient service of process, *id.* at § III; (ii) dismissal for failure to allege the formation of a contract, *id.* at § IV(b); and, in the alternative, (iii) summary judgment on the basis that any contract formed has been rescinded and, thusly, whether or not a contract ever existed in the first instance is moot since no suit can be founded thereupon, *id.* at § V.

The Dispositive Motion expressly urges dismissal ought to be with prejudice, reasoning that since ". . . an absence of contractual formation cannot be creatively 'pleaded around,' such dismissal should be with prejudice." *Id.* at § IV(b) (citing *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) (quoting *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009))).

This Honorable Court directed the Plaintiff to respond to the Dispositive Motion by May 19, 2026. *See* Order, DE #14. In lieu of doing so, the Plaintiff has instead filed the Motion. *See* Docket, *passim*.

### III.    Argument: Leave to Amend Should be Denied

The unresolved nature of the Dispositive Motion, coupled with both the Plaintiff's failure to substantively respond thereto and failure to cure—in the Proposed Amendment—the core problem highlighted therein, militates in favor of denying amendment. Not only does the portion of the Dispositive Motion seeking summary judgment survive any attempted amendment but, too, the Proposed Amendment is ultimately demonstrative of the futility of this action.

As noted *supra*, leave to amend—while ordinarily "freely give[n]," Fed. R. Civ. P. 15(a)(2)—merits denial where such amendment cannot remedy macroscopic legal impediments. *See Carson*, 851 F.3d at 305 n.6 (". . . when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.") (quoting *McLean*, 566 F.3d at 400). Amendment is futile ". . . when the proposed amended complaint fails to state a claim." *Van*

3

*Leer v. Deutsche Bank Sec., Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). *See also Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 355 (D. Md. 2018) (denying leave to amend on futility grounds).

Additionally, while amendment may moot a pending motion to dismiss, *see Seidel v. Kirby*, 296 F. Supp. 3d 745, 749 (D. Md. 2017) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)), such is not true of a pending motion for summary judgment, *see, e.g., Buechler v. Your Wine & Spirit Shoppe, Inc.,* 846 F. Supp. 2d 406, 414 (D. Md. 2012) ("YWWS's motion for summary judgment was not mooted by Buechler's amended complaint because such a motion is not directed at the adequacy of a complaint's allegations but is instead focused on the merits of the substantive claim."). As noted by this Honorable Court, this is because a motion for summary judgment does not speak to the sufficiency of pleadings but, rather, ". . . challenges the very existence or legal sufficiency of the claim or defense to which it is addressed." *Buechler*, 846 F. Supp. 2d at 414 (D. Md. 2012) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2711, at 191 (3d ed. 1998)).

Here, while the Dispositive Motion does observe a failure of proper service and a failure to name the proper defendant, the Dispositive Motion also attacks—in the prism of summary judgment—the Plaintiff's entire theory of contractual formation and breach. *See* Dispositive Motion, DE #8, at § V. To whatever extent a contract existed for a sale of the Plaintiff's property (and EHU urges no such agreement ever existed, for myriad reasons), the Plaintiff never furnished the disclosure statement required by law and, accordingly, failed to satisfy a condition precedent to entry "into a contract of sale by the vendor and the purchaser." Md. Code Ann., Real Prop. §

4

10-702(f)(1). This, in turn, gave EHU the option to rescind any such contract, Md. Code Ann., Real Prop. § 10-702(h), which EHU did prior to first appearing in this suit.

Yet it is not merely that the Plaintiff cannot "plead around" this flaw, which is fatal to the assertion of a claim for breach of contract (the sole claim in the Complaint and the Proposed Pleading). It is, too, that the Plaintiff does not so much as feign to address this existential problem in the Proposed Pleading, which—aside from adding parties, changing paragraph numbering, and making some slight aesthetic alterations—is virtually identical to the original Complaint.

The portion of the Dispositive Motion seeking summary judgment is now substantively uncontested, with the Plaintiff's time to respond thereto—despite being extended—having lapsed. Moreover, the Proposed Amendment does nothing to address, much less remedy, this core, intractable issue. There is accordingly clarity the Proposed Amendment is futile, both procedurally (coming in the context of a case where summary judgment is unopposed) and substantively (failing to assert a claim for relief that addresses the absence of an enforceable contract pursuant to the relevant provisions of the Maryland Real Property Article). Such, in turn, is cause to deny the Motion.

## IV.    Conclusion

WHEREFORE, the EHU respectfully prays this Honorable Court (i) deny the Motion; (ii) grant summary judgment in favor of EHU and against the Plaintiff, pursuant to the Dispositive Motion; and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: June 1, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Express Homebuyers*
*USA, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2026, a copy of the foregoing was served via this Honorable Court's CM/ECF system, with a copy also being served via US Mail, postage prepaid, upon:

David Haskell Feldman
2220 Shefflin Court
Baltimore, MD 21209

/s/ Maurice B. VerStandig
Maurice B. VerStandig

6