IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DAVID H. FELDMAN,**

    *Plaintiff*,

    v.

**EXPRESS HOMEBUYERS, LLC,**

    *Defendant.*

Civil Action No.:  1:25-cv-03920-JRR

## ORDER

This matter comes before the court on Plaintiff David H. Feldman's Motion for Leave to File a Verified Amended Complaint at ECF No. 16 (the "Motion").  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).

Plaintiff initiated this breach of contract action against Defendant for failing to honor a purported contract that arose when Plaintiff accepted Defendant's alleged "real cash offer" for his residential property.  (ECF No. 1.)  On March 31, 2026, Defendant filed a motion to dismiss or, in the alternative, for summary judgment.  (ECF No. 8.)  On May 15, 2026, Plaintiff filed the instant Motion, seeking leave to file a Verified Amended Complaint that adds two additional Defendants and "makes uniform allegations about the Defendants."[1]  (ECF No. 16-1 at p. 2.)  Defendant does not argue Plaintiff's amendment would be prejudicial or is made in bad faith; and the court does not discern either.  Instead, Defendant opposes Plaintiff's Motion on grounds of futility, arguing that, "while the Proposed Amendment does attempt to cure one noted deficiency (by seeking to add a proper defendant to this suit), the deficiencies not addressed therein are seemingly

---

[1] On May 1, 2026, along with a response in opposition to Defendant's motion, Plaintiff attempted to file a Verified Amended Complaint.  (ECF No. 12.)  While Plaintiff as a pro se Plaintiff is given additional time to respond to Defendant's dispositive motion per the "Rule 12/56 Notice" at ECF No. 9, the Notice does not purport to extend the time for Plaintiff to amend his pleading.  Per Federal Rule of Civil Procedure 15(a), Plaintiff's filing was returned because a motion for leave to amend is required, as more than 21 days passed after Defendant's filing of a Rule 12(b) motion.

unaddressed" because Plaintiff's sole breach of contract claim is otherwise subject to dismissal. (ECF No. 17 at pp. 1–2.)

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is [the Fourth] Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citing *Coral v. Gonse,* 330 F.2d 997, 998 (4th Cir. 1964)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; *see United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (noting that the Fourth Circuit "generally encourage[s] amendment" except where there is prejudice to the opposing party, bad faith, or futility of the amendment); *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15"). A court is also permitted to deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *U.S.*

2

*ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *see In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.").

Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510, *supra*. A court may also deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle*, 637 F.3d at 471, *supra*. The court appreciates Defendant's position that Plaintiff's proposed amendment fails to cure all of the issues noted in its motion; however, Plaintiff seeks leave to amend, at least in part, to correct an asserted deficiency. While the court makes no findings on the merits of Plaintiff's allegations, it is not persuaded that allowing a *pro se* plaintiff[2] to amend his pleading in an attempt to do as discussed above is "clearly insufficient or frivolous in its face." *Johnson*, 785 F.2d at 510, *supra*. The interests of justice and efficiency are served by permitting Plaintiff his amendment after which the court will consider Defendant's preliminary challenges, if any.

Moreover, while the Fourth Circuit permits courts to deny a plaintiff leave to amend where he fails to state a claim pursuant to Rule 12(b)(6), the court declines to undertake that analysis here for the foregoing reasons. In all, this case is in the early stages of litigation—no scheduling order has been issued; no discovery has occurred. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *Medline Indus., Inc. v. York Bldg. Prods. Co.*, 702 F. Supp. 3d 403, 408–09 (D. Md. 2023).

---

[2] In Defendant's motion to dismiss or, in the alternative, for summary judgment, Defendant notes that Plaintiff is an attorney barred in Maryland. (ECF No. 8 at p. 1 n.1.) A review of the Maryland Courts' attorney listings confirms same. While the court thus may expect Plaintiff to have greater awareness of court rules than a non-attorney *pro se* plaintiff, Plaintiff is not barred in this court; nor does he seek to proceed as a member of this court. The court thus balances Plaintiff's expertise and credentials against the backdrop that pleadings of self-represented litigants are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff is attempting to comport with applicable rules to address certain pleading deficiencies. In the view of the court, Defendant's arguments are better aired and evaluated by way of a 12(b)(6) motion. *See Lavin v. Safeco Ins. Co. of Am.*, No. CV SAG-22-1788, 2022 WL 17342051, at \*2 (D. Md. Nov. 30, 2022) (explaining that while "it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion," "it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion") (citations omitted).

Accordingly, the court will grant Plaintiff leave to amend. Defendant remains free to assert Rule 12 (or other applicable) motions. To be clear, the court makes no determination here of whether Plaintiff has stated plausible claims sufficient to survive a motion under Rule 12.

In view of the foregoing, it is therefore this 18th day of June 2026,

**ORDERED** that Plaintiff's Motion (ECF No. 16) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Madam Clerk shall docket the Verified Amended Complaint at ECF No. 16-2, with attachments at ECF Nos. 16-3 through 16-7; and further it is

**ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 8), shall be, and is hereby, **DENIED as moot**; and further it is

**ORDERED** that Defendants shall respond to Plaintiff's Verified Amended Complaint in accordance with the Federal and Local Rules; and further it is

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 7) shall be, and is hereby, **DENIED**.[3]

---

[3] To the extent Plaintiff contends that his Motion for Default Judgment remains ripe, it is otherwise properly denied for failure to comport with the necessary procedural and substantive requirements for default judgment. With regard to the requisite procedure, it is well-recognized that "Rule 55 contemplates a two-step procedure." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020). This includes "the clerk's entry of default followed by the entry of

/s/
_____
Julie R. Rubin
United States District Judge

---

default judgment." *Merchants Bonding Co. v. Certified Maint. Co., Inc.*, No. CV PX 17-0365, 2017 WL 2403567, at *1 (D. Md. June 2, 2017); *see* 10A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 2682 (4th ed.) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). To enter default judgment absent the requisite procedure would be inappropriate. *See Wilson v. Turner*, No. CIV.A. ELH-13-3497, 2014 WL 4426126, at *1 (D. Md. Sept. 2, 2014) (noting "it would be inappropriate" where the motion did "not clearly comply with the two-step process established by Fed.R.Civ.P. 55"). Further, with regard to substance, Plaintiff has not demonstrated compliance with the Federal Rules for service of process. *See* MD. RULE 2-124 (providing for substituted service upon the State Department of Assessments and Taxation " if (i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the State Department of Assessments and Taxation; or (iii) two good faith attempts on separate days to serve the resident agent have failed"). Where Plaintiff has put nothing before this court in support of same, he has not shown the necessary basis for an entry of default judgment. *See, e.g.*, *Hodges v. Washington Metro. Area Transit Auth.*, No. CIV.A. CBD-14-0891, 2014 WL 5797754, at *1 (D. Md. Nov. 5, 2014) ("Entry of default and default judgment may only be entered after a defendant has been properly served.").