IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| DAVID H. FELDMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-03920-JRR |
| | ) | |
| v. | ) | |
| | ) | |
| EXPRESS HOMEBUYERS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT, AND INCORPORATED
<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Come now Express Homebuyers USA, LLC ("EHU") and Lawrence Bradford Chandler, III ("Mr. Chandler") (collectively, the "Defendants," and each a "Defendant"),[1] by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(d), and 56, and move to dismiss the amended complaint (the "Amended Complaint"), ECF No. #19, of David H. Feldman ("Mr. Feldman" or the "Plaintiff"), or, in the alternative, for entry of summary judgment thereupon, and in support thereof state as follow:

## I.    Introduction

Though Mr. Feldman has now amended his pleading, he has failed to cure—and, invariably, cannot cure—the problem at the heart of his case: a Maryland residential sale contract is not valid unless accompanied by statutorily-required disclosures. Mr. Feldman urges that a mailed advertisement constituted an offer to buy his home and that his swift response thereto constituted a legally-binding acceptance of the offer. In so doing, however, Mr. Feldman not only

---

[1] As noted in a prior motion, the third defendant in this suit—Express Homebuyers, LLC—does not actually exist. *See* Motion to Dismiss, ECF No. 8, at § I.

1

overlooks pertinent language in the advertisement but, more importantly, the legal impossibility of what he posits. There simply cannot have been a valid offer to purchase his home. And that, in turn, means there cannot be a valid claim for breach of a resulting contract.

Mr. Feldman also now joins Mr. Chandler in this suit. It is genuinely unclear why this Defendant has been added, though there is necessarily some concern of a vexatious motive. The only actions alleged of Mr. Chandler, in the Amended Complaint, are (i) signing the advertisement; (ii) signing a faux check enclosed with the advertisement; and (iii) responding to an e-mail. These assuredly do not collectively give rise to a claim for breach of contract. Yet Mr. Chandler has now been joined with EHU in defending such a claim.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged this matter be dismissed or, alternatively, summary judgment be entered in favor of EHU.

## II.    Facts Not Subject to Genuine Dispute

The Defendants posit the following facts to not be subject to genuine dispute:

1.      In July 2025, EHU caused a marketing material (the "Advertisement") to be mailed to the Plaintiff, with the Advertisement being inclusive of a faux check for $501,714 and an expression of interest in purchasing the Plaintiff's home at 2220 Shefflin Ct., Baltimore, Maryland 21209 (the "House"). *See* Exhibits to Amended Complaint, ECF No. #19-1.

2.      While the Advertisement does profess to be a cash offer to purchase the House, language at the foot of the Advertisement reads "DISCLAIMER: This is not a real check. To receive your real cash offer, Call or Text today (410) 538-1512!" *See id*.

3.      The Plaintiff wrote to EHU, on or about July 31, 2025, *inter alia*, "I am writing this letter to accept your offer. Please be in touch with me promptly so that we can agree on a closing date that works for my schedule." *See* Exhibits to Amended Complaint, ECF No. 19-2.

4.      In a subsequent e-mail exchange, an agent of EHU wrote to the Plaintiff, noting potential concerns about the condition of the House: "Below that check it says this is not an official offer. Those numbers are based on homes in near perfect condition." *See* Exhibits to Amended Complaint, ECF No. 19-4.

5.      On March 30, 2026, counsel for EHU wrote to the Plaintiff, indicating that Maryland law provides an "unconditional right" to rescind a residential real estate contract at any time until statutorily-mandated disclosures have been made. *See* Letter of March 30, 2026, attached hereto as Exhibit A.

6.      In the same letter, EHU—through counsel—wrote, *inter alia*, "[w]ithout conceding that any contract was formed, and without waiver of or prejudice to any and all other defenses, EHB hereby rescinds the alleged contract of sale pursuant to Md. Code Ann., Real Property § 10-702 and/or any and all other applicable law." *See id.*

7.      On the same date, the Plaintiff responded to counsel for EHU, *inter alia*, "I have read your email and the attached letter. I do not agree with your premises and am not prepared to dismiss the civil action, much less with prejudice. You may proceed accordingly." *See* E-mail of March 30, 2026, attached hereto as Exhibit B.

III.    **Argument: Dismissal is Appropriate Because No Valid Contract Exists**

a.  **Standard: Motion to Dismiss for Failure to State a Claim**

The Federal Rules of Civil Procedure permit a party to seek dismissal for, *inter alia*, a pleading's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive such a motion to dismiss, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78

(2009), as exemplified by "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In assessing a complaint's allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555. *See also Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013) ("It is now well established that mere conclusory and speculative allegations are not sufficient to withstand a motion to dismiss.").

### b.  No Contract Was Properly Formed

While the Amended Complaint in this case does not expressly identify a cause of action, a reasonable reading suggests the claim is one for breach of contract. The Plaintiff appears to be construing the Advertisement as a formal offer, his response thereto as a formal acceptance, and EHU's failure to close as a breach of the resulting contract. Problematically, however, no such contract is—or ever was—extant under Maryland law.

Familiarly, "[i]n Maryland, the elements of a claim for breach of contract are ''contractual obligation, breach, and damages.''" *Cincinnati Ins. Co. v. Fish*, 587 F. Supp. 3d 329, 339 (D. Md. 2022) (quoting *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting *Kumar v. Dhanda*, 198 Md. App. 337, 344, 17 A.3d 744, 749 (2011))).

In turn, the first element—formation of a contractual obligation—requires the existence of a contract. Such cannot occur absent a proverbial meeting of the minds:

> Creation of a contract requires an offer by one party and acceptance by the other party. Acceptance of an offer is requisite to contract formation, and common to all manifestations of acceptance is a demonstration that the parties had an actual meeting of the minds regarding contract formation.

*Cochran v. Norkunas*, 919 A.2d 700, 713 (Md. 2007) (citing *Bramble. v. Thomas*, 914 A.2d 136, 143 (Md. 2007); *Buffalo Steel Co. v. Kirwan*, 113 A. 628, 630 (Md. 1921); *Creel v. Lilly*, 729 A.2d 385, 398 (Md. 1999); *Pavel v. A.S. Johnson*, 674 A.2d 521, 531 (Md. 1996)).

Here, the Plaintiff purports to have accepted an offer contained in a document that expressly notes, *inter alia*, "DISCLAIMER: This is not a real check. To receive your real cash offer, Call or Text today (410) 538-1512!" Exhibits to Complaint, ECF No. #19-1. It is simply not possible to read this language, clearly imprinted upon the Advertisement, and posit the Advertisement contained a definitive offer to enter into a contract on certain terms capable of being accepted.

To the contrary, this familiar disclaimer verbiage makes clear that EHU did *not* intend to form a contract and did *not* intend to make a binding offer. Rather, the verbiage evidences the Advertisement was just that: an advertisement. EHU plainly intended to arouse interest on the part of potential contract counterparties and to solicit communications from such potential counterparties. But EHU, with equal clarity, assuredly did not manifest the binding intent requisite to give rise to a meeting of minds sufficient to sustain the formation of a contract under Maryland law.

### c.  A Contract Cannot Have Been Formed

The implausibility of contractual formation—and, with such, failure to plausibly allege the first element of a claim for breach of contract—is manifest for a second reason: as a matter of law, there cannot have been a contract for the sale of Mr. Feldman's home. Unsurprisingly, the sale of consumer real property is heavily regulated by the State of Maryland. And amongst the rigors

attendant to the existence of an enforceable home sales contract is the existence of statutory disclosures. Mr. Feldman does not—and cannot—allege those disclosures to have been made.

The Maryland Real Property Code requires a home seller to deliver either a "disclosure statement" or a "disclaimer statement" on a form promulgated by the State Real Estate Commission. Md. Code Ann., Real Prop. § 10-702(c). The delivery of one of these two forms is a condition precedent to entry "into a contract of sale by the vendor and the purchaser." Md. Code Ann., Real Prop. § 10-702(f)(1). Receipt thereof is to be formally acknowledged in writing, "which shall be included in or attached to the contract of sale." Md. Code Ann., Real Prop. § 10-702(f)(4).

Here, Mr. Feldman has not alleged that a disclosure statement or disclaimer statement was included with his missive putatively "accepting" a contractual offer. *See* Amended Complaint, ECF No. 19, *passim*. Nor does he allege a disclosure statement or disclaimer statement to have been separately sent. *Id.* Nor does he allege the existence of a formal acknowledgment of receipt of such disclosures. *Id.* Much to the contrary, he appends to his pleading the history of communications between the parties, which is conspicuously devoid of the existence of a disclosure statement or disclaimer statement.

To be sure, many a contract are capable of formation through markedly informal means. The binding agreement, scribed on the back of a cocktail napkin, holds a rightfully-sacred place in legal lure. Normally, little more than a meeting of minds—coupled with some lawful objective—is required for such a formation to occur. *See Cochran*, 919 A.2d at 713. Yet residential sales contracts are different, being guided not merely by the common law but, too, by precise statutory rigors. Mr. Feldman has not alleged compliance with those rigors, thusly causing his pleading to come short of what is requisite to plausibly urge the existence of a binding residential sales

contract. Dismissal of the sole cause if action—with prejudice—is accordingly appropriate *sub judice*.

### d.  It Does Not Appear a Cause of Action is Alleged Against Mr. Chandler

There is a genuine lack of clarity as to why Mr. Chandler has been joined in this action. While he is, no doubt, alleged to be the individual who signed the Advertisement (and the faux check included therein), there is no colorable suggestion he was doing so on his own behalf. The mailing simply cannot be plausibly construed as an offer, from Mr. Chandler, to purchase a home (or to do anything else). Yet he has been nonetheless added as a Defendant.

As noted above, "[i]n Maryland, the elements of a claim for breach of contract are ''contractual obligation, breach, and damages.''" *Cincinnati Ins. Co.*, 587 F. Supp. 3d at 339.

Here, Mr. Feldman does not ever allege Mr. Chandler to have assumed a contractual obligation. To the contrary, the Amended Complaint is plain in asserting that "Defendant Express Homebuyers, LLC sent Plaintiff by presorted United States Mail an unconditional 'real cash offer' to purchase Plaintiff's home. . ." Amended Complaint, ECF No. 19, at ¶ 3. Clearly, if an offer was being made (and, as noted *supra*, such is not a plausible or legally-viable construction of the letter), the offer would have been coming from EHU—not Mr. Chandler.

Such also means that the Amended Complaint never alleges a breach of any contractual obligation by Mr. Chandler or damages resulting therefrom. *See* Amended Complaint, ECF No. 19, *passim*.

As a matter of hornbook law, an agent of a disclosed principal does not inure to any contractual liability. *See, e.g.*, *Parker v. Junior Press Printing Serv., Inc.*, 296 A.2d 377, 378 n.1 (1972) (". . . as agent for a disclosed principal, he could not be personally liable.") (citing *A. S. Abell Co. v. Skeen*, 288 A. 2d 596 (Md. 1972)); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262

F. Supp. 2d 618, 624 (D. Md. 2003) ("Under Maryland law, an agent entering into a contract which fully discloses the fact that it is an agent and fully discloses the identity of its principal is not liable on the contract; the principal is the liable party.") (citing *Hill v. County Concrete Co., Inc.*, 672 A.2d 667 (Md. App. 1996)).

To be sure, the Defendants urge there cannot be any contractual liability in this case—on the part of any Defendant—in any event. *See, supra,* §§ III(b), III(c). Yet the absence of allegations sufficient to peg Mr. Chandler to a theory of relief, under *Iqbal* and *Twombly*, is nonetheless independently noteworthy. And such is added cause for his dismissal from this suit, with prejudice.

## IV. Argument: In the Alternative, Summary Judgment is Proper

Since the Plaintiff has failed to state a claim for relief, it is urged that dismissal of this proceeding is appropriate. However, to the extent this Honorable Court is disinclined to dismiss this matter with prejudice, the Defendants believe summary judgment to be appropriate for a separate reason: even if, *arguendo*, there were a contract between the parties, EHU has properly rescinded the contract in accord with the rigors of Maryland law.

As observed by the United States Court of Appeals for the Fourth Circuit: "the well-established, traditional summary judgment standard provides that a party is entitled to summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 958 (4th Cir. 2022) (citing Fed. R. Civ. P. 56(a)).

Per this Honorable Court's precedent, "[a] material fact is one that 'might affect the outcome of the suit under the governing law.'" *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d

880, 889 (D. Md. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Moreover:

> A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial.

*Gionfriddo*, 769 F. Supp. 2d at 889 (quoting *Anderson*, 477 U.S. at 248).

Here, as discussed above, statutorily-mandated disclosures were never made in connection with the putative contract for the sale of the Plaintiff's home. The Defendants believe such to mean there is a failure to plead the elements of a claim for contractual breach, since no lawful formation can have occurred absent these disclosures. *See, supra,* § III(c). Yet, expounding upon the implications of the same statutory provisions, the undisputed record—amplified by the exhibits to this motion—shows EHU has since clearly rescinded any agreement to the extent one ever existed.

Where, as here, no disclosure statement or disclaimer has been provided, in accord with section 10-702(c) of the Real Property Article, an absolute right of rescission exists:

> (1) A purchaser who does not receive the disclosure or disclaimer statement on or before entering into the contract of sale has the unconditional right, upon written notice to the vendor or vendor's agent:
>
>> (i) To rescind the contract of sale at any time before the receipt of the disclosure or disclaimer statement or within 5 days following receipt of the disclosure or disclaimer statement; and
>>
>> (ii) To the immediate return of any deposits made on account of the contract.

Md. Code Ann., Real Prop. § 10-702(h).

Based on the absence of a disclosure statement or disclaimer statement, EHU has formally rescinded the contract to the extent one ever existed. The putative agreement is thusly a nullity. *See, e.g.*, *Maslow v. Vanguri*, 896 A.2d 408, 423 (Md. App. 2006) (defining "Rescission of

Contract" as "[t]o avoid, or cancel a contract; particularly, nullifying a contract by the act of a party.") (quoting Black's Law Dictionary 1306-07 (6th ed. 1990)).

There is a slight nuance here: since the failure to allege the existence of a disclosure statement or disclaimer statement speaks to the sufficiency, *vel non*, of the Amended Complaint, that issue is raised in furtherance of dismissal of the pleading. The letter affirmatively rescinding a contract, to the extent one ever existed, however, is not referenced within the four corners of the Amended Complaint. And the Defendants accordingly seek entry of summary judgment (in the alternative) on the basis of an affirmative recission.

## V.    Conclusion

WHEREFORE, the Defendants respectfully pray this Honorable Court (i) dismiss the Amended Complaint with prejudice; (ii) alternatively, enter summary judgment in favor of the Defendants and against the Plaintiff; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 6, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Defendants*

*[Certificate of Service on Following Page]*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 6th day of July, 2026, a copy of the foregoing was served

via this Honorable Court's CM/ECF system, and served via US Mail, postage prepaid, upon:

David Haskell Feldman
2220 Shefflin Court
Baltimore, MD 21209

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig