# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

|  |  |
|---|---|
| David H. Feldman, | ) |
|  | ) |
| Plaintiff, Pro Se | ) |
|  | ) Civil Action No. 25-cv-3920--JRR |
| v. | ) |
|  | ) |
| Express Homebuyers, LLC, et al. | ) |
|  | ) |
| Defendants | ) |
| USDC- BALTIMORE | ) |
| '26 AUG 4 PM 1:58 | ) |
|  | ) |

Rcv'd by: HD

## RULE 56(d) MOTION FOR LIMITED DISCOVERY AND TO DEFER SUMMARY JUDGMENT

Plaintiff David H.,Feldman, pro se, respectfully moves under Federal Rule of Civil Procedure 56(d) for an order deferring Defendants' alternative request for summary judgment until Plaintiff has had a reasonable opportunity to conduct targeted discovery.

This motion is supported by Plaintiff's accompanying declaration, which explains why Plaintiff cannot yet present facts essential to oppose summary judgment.

Defendants' summary-judgment request depends on facts that are uniquely within Defendants' possession, including all versions of the mailing and all internal drafts; whether the same language was used with other homeowners; internal communications about how the offer language was chosen; communications about whether the offer could be withdrawn, rescinded, or limited by conditions; documents identifying who approved the draft and final mailings and who had authority to approve them; relevant communications involving Chandler; when Defendants first decided to deny or back out of the offer; when Defendants first decided to invoke § 10-702 of the Real Property Article of the Annotated Code of Maryland; all parties involved in those decisions; the factual basis for the March 30, 2026, rescission position; the factual basis for the position that the offer was conditional and could be withdrawn; whether and when any disclosure or disclaimer form was noted to be absent or otherwise discussed; communications with employees or third parties other than counsel about the property's condition or pricing assumptions; and communications reflecting Defendants' internal understanding of the mailing's legal effect and their internal understanding of Plaintiff's communications to Defendants, their employees, and third parties other

than counsel, including how Defendants viewed those communications in relation to contract formation, enforceability, rescission, and related legal positions.

Plaintiff also needs discovery regarding Brad Chandler's role, including whether he acted personally or only as an agent of the company and what authority he had over the mailing and later communications.

Without this discovery, Plaintiff cannot fairly present facts essential to oppose summary judgment because the present record does not contain the evidence necessary to determine Chandler's role or to test Defendants' characterization of the July 2025 mailing, the approval decisions, the decisions to challenge the validity of the contract, the issues related to a disclosure/disclaimer statement, and their later assertion of a statutory rescission defense.

Plaintiff seeks limited discovery consisting of interrogatories, document requests, requests for admissions, and depositions focused on the topics outlined herein, including the formation, meaning, and internal treatment of the July 2025 mailing, the approval chain, Chandler's role, the rescission decision, the disclosure/disclaimer issues, and the timing and basis for the § 10-702 defense.

Plaintiff therefore respectfully asks the Court to defer summary judgment; to stay consideration of the Rule 56(d) request until the requested discovery is completed; and such other and further relief as the Court deems just and proper.

Respectfully submitted,

*David H. Feldman*

David H. Feldman, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on August 4, 2026, I filed the foregoing with the Court and served it on Defendants' counsel of record, Maurice B. VerStandig, 1452 Henderson Ridge Pkwy, # 665, Henderson, Nevada 89012 by first-class mail, postage prepaid.

*David H. Feldman*

David H. Feldman, Plaintiff Pro Se