UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

Rcv'd by: _____

| | |
|---|---|
| David H. Feldman, ) | |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | Civil Action No. 25-cv-3920--JRR |
| v. ) | |
| ) | |
| Express Homebuyers, LLC, et al. ) | |
| ) | |
| Defendants ) | |
| ) | |

USDC- BALTIMORE
'26 AUG 4 PM1:58

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendants Express Homebuyers USA, LLC and Lawrence Bradford

Chandler, III have moved to dismiss Plaintiff's Verified Amended Complaint for

failure to state a claim on which relief can be granted or, in the alternative, for

summary judgment because there is no dispute as to any material fact and

defendants are entitled to judgment as a matter of law.

There is one fatal flaw in Defendants' reasoning.  It is simply that Plaintiff's

Verified Amended Complaint was filed under oath, which means that the facts

alleged therein must be assumed to be true, and Defendants have made

arguments making allegations that are not in the record without supporting

them with a sworn declaration or an affidavit. Thus, whether those extra-record allegations, which Plaintiff has never admitted to be true, are true or not is simply irrelevant for purposes of disposing of the current motions.

In addition, there are other substantive reasons why the Court should defer deciding on Defendants' motion, which are further detailed below. Plaintiff therefore requests denial of Defendants' motion to dismiss and deferral of Defendants' alternative motion for summary judgment; at minimum, relief under Rule 56(d) and an opportunity to conduct targeted discovery before any dispositive ruling on summary judgment, as well as such other and further relief as the Court deems just and proper.

## INTRODUCTION

Plaintiff, pro se, opposes Defendants' motion in full.

Plaintiff asks that the Court deny the motion to dismiss and defer a decision on Defendants' motion for summary judgment because the Amended Complaint plausibly alleges that Defendants mailed Plaintiff a definite and unconditional real-estate purchase offer, that Plaintiff accepted that offer in writing, and that Defendants later refused to perform. The complaint's

exhibits support that allegation and create factual disputes that cannot be resolved against Plaintiff at the pleading stage.

Defendants' motion improperly collapses two distinct issues — whether the July 2025 mailing created a contract, and whether § 10-702 later supplied a right of rescission — and then asks the Court to treat a rescission statute as though it erased contract formation altogether. That is not what the statute says.

The central factual dispute is whether the mailed document was merely an advertisement or whether it was an objective offer to buy Plaintiff's home on the stated terms. The document repeatedly says it reflects a real cash offer, identifies the property and the owner, states a specific price, and promises terms such as: as-is purchase, no commissions, and the ability of the property owner to choose the closing date. The specimen-check disclaimer goes only to the check's authenticity; it does not, by its terms, negate the substantive offer language surrounding it.

Defendants' alternative § 10-702 argument is also incomplete. Section 10-702 presupposes a contract of sale and then gives a purchaser a conditional right to rescind if the required disclosure or disclaimer form was not delivered

on or before contract formation. The statute does not say no contract can exist unless the seller first produces the statutory form in response to an unsolicited mailing.

Defendants have not established the absence of genuine factual disputes regarding whether the mailing Plaintiff received was an unconditional and/or binding offer and whether the statutory prerequisites for rescission were met, including the timing and content of written notice. At minimum, their request for summary judgment is premature.

Plaintiff also requests Rule 56(d) relief if the Court otherwise would consider summary judgment now because key evidence focused on such topics as Chandler's role and that of anyone else who approved or had authority to approve the mailing, along with the facts necessary to test Defendants' contract-formation and rescission theories, is in Defendants' possession — including all versions of the mailing, internal drafts, approval authority and records, relevant communications involving Chandler, positions related to offer conditionality and rescission, including the timing of associated dialogue, rescission-related materials, information about disclosure/disclaimer-form issues, and nonprivileged materials showing

Defendants' intent and internal understanding of the mailing's legal effect, as well as factual bases for the claims the offer was non-binding, conditional, withdrawn, and/or rescinded, including the timing of discussions of the applicability of § 10-702.

## RELEVANT FACTS

In July 2025, Defendants mailed Plaintiff a one-page document addressed to Plaintiff by name and property address. The mailing stated, in substance, that the check reflected a real cash offer for Plaintiff's property at 2220 Shefflin Ct. It also stated that Defendants buy houses as-is, in any condition, that there would be no commissions or hidden fees, and that Defendants could close in as little as seven days.

The document listed a specific purchase price of $501,714 and was signed by Brad Chandler. The bottom of the document stated: "DISCLAIMER: This is not a real check. To receive your real cash offer, Call or Text today (410) 538-1512!"

On July 31, 2025, Plaintiff sent Defendants a certified-mail letter stating that he accepted their offer and asking that the parties agree on a closing date.

USPS tracking reflects that Defendants received Plaintiff's certified letter on August 4, 2025.

On August 25, 2025, Plaintiff emailed Mr. Chandler asking whether Defendants intended to honor the contract. Defendants responded that Plaintiff had received a check, that "below the check, it says this is not an official offer," that the numbers were based on homes in near perfect condition, and that, to provide an exact amount, they "would have to come out and visit the home."

On March 30, 2026, Defendants' counsel sent a letter stating, without conceding that any contract was formed, that Defendants were rescinding the alleged contract under § 10-702. Defendants allege that Plaintiff never sent the Maryland disclosure or disclaimer form. Plaintiff alleges that Defendants waived this defense by not raising it timely. Further, Defendants never followed up on the topic of an inspection before asserting the statutory defense.

## LEGAL STANDARDS

On a Rule 12(b)(6) motion, the Court must accept the complaint's factual allegations as true and draw reasonable inferences in Plaintiff's favor. On

summary judgment, the moving party bears the burden of showing there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law.

Summary judgment is especially inappropriate where the key facts are within the moving party's possession and the nonmoving party has not had a fair opportunity to discover them. When a party asks for Rule 56(d) relief, the Court may defer or deny summary judgment if the nonmovant shows by affidavit or declaration that it cannot yet present facts essential to oppose the motion.

## ARGUMENT

Defendants are not entitled to dismissal because the complaint plausibly alleges offer, acceptance, and breach. Maryland contract law looks to objective manifestations of intent. The question is whether a reasonable recipient would understand the communication as a present offer on the stated terms. The complaint plausibly alleges that answer is yes.

The mailing did not merely invite Plaintiff to call for more information or an estimate. It used present-tense offer language, named the property and its owner, stated a definite price, and promised that the company buys houses as-

is, with no commissions or hidden fees and a closing date on the buyer's schedule. That is more than puffery or a preliminary negotiation.

The specimen-check disclaimer does not defeat the claim as a matter of law. It says the check is not real. It does not say the offer to buy the property is fictitious, contingent on a later inspection, or subject to an undisclosed condition that would erase the stated terms. At most, it creates an interpretive dispute about how the document would be understood by a reasonable recipient — precisely the kind of dispute that cannot be resolved against Plaintiff on a motion to dismiss.

Defendants' own August 25, 2025, email confirms that the stated price was not merely puffery. Defendants did not say only that no offer existed because the document was an advertisement. Instead, they said the numbers were based on homes in near perfect condition and that they would have to visit the home to provide an exact amount. That post-hoc explanation is in tension with the mailing itself and creates a factual dispute as to whether the mailing was a binding offer, a contingent offer, or a solicitation.

Defendants' § 10-702 argument is incomplete as a matter of law. Section 10-702 applies to certain single-family residential property transactions and

requires the vendor to deliver either a disclosure statement or a disclaimer statement on the prescribed form on or before entering into a contract of sale. The statute further provides that a purchaser who does not receive the required statement on or before entering into the contract of sale has an unconditional right, upon written notice to the vendor or vendor's agent, to rescind before receipt of the statement or within five days after receipt, and to the immediate return of any deposits made on account of the contract. The statute thus presupposes a contract of sale and then supplies a conditional rescission remedy. It does not declare that no contract can exist absent receipt of a disclosure or disclaimer statement, nor does it automatically nullify a contract merely because a party later invokes the statute.

Defendants' March 30, 2026, letter does not eliminate those disputes. The letter expressly says Defendants do not concede that any contract was formed. It is therefore not a judicial determination, not an admission that no contract existed, and not evidence that conclusively resolves the merits in Defendants' favor.

The timing of the letter also matters. It was sent long after Plaintiff's acceptance and after the litigation was underway. At minimum, that timing

supports Plaintiff's contention that Defendants' rescission position is inconsistent with their earlier conduct and the parties' factual dispute over whether a contract had already been formed.

Defendants also have not shown undisputed compliance with the statutory rescission prerequisites. The statute requires written notice to the vendor or the vendor's agent and contemplates the handling of any deposits made on account of the contract. On the present record, the Court cannot determine whether Defendants met those conditions, whether they were triggered, or whether the rescission theory is being asserted consistently with the statute's text.

Summary judgment is also premature because Plaintiff has not had discovery. There is key evidence solely in Defendants' possession, such as evidence needed to determine the factual basis for the position that the July 2025 offer was conditional and could be withdrawn, along with relevant information about the Defendants' intent, all versions of the mailing and associated drafts, internal communications about how the offer language was chosen, communications about withdrawal, rescission, or conditions, approval records, relevant communications involving Chandler, all parties with

approval authority, disclosure/disclaimer-form issues, and the timing and basis for Defendants' § 10-702 defense.

Plaintiff therefore cannot fairly be expected to rebut the summary-judgment request without discovery. A sworn declaration under Rule 56(d) is therefore appropriate and necessary.

Plaintiff also opposes dismissal of Mr. Chandler at this stage. Plaintiff alleges that Mr. Chandler signed the mailing, signed the specimen check, and responded to Plaintiff's email. Those allegations plausibly connect him to the challenged conduct. Whether he acted personally or only as an agent for a disclosed principal, what authority he had over the mailing and later communications, and what legal effect that has, are issues that should not be resolved against Plaintiff before discovery if the complaint otherwise states a plausible claim.

Finally, the remedy Plaintiff seeks matters. Plaintiff seeks specific performance because real property is unique and a money judgment is not an adequate substitute for the promised purchase of his home. If the Court accepts Plaintiff's contract-formation allegations, specific performance is a

recognized equitable remedy that makes the motion to dismiss even less appropriate at this stage.

**POINT-BY-POINT RESPONSE**

Defendants contend that the mailing was just an advertisement. Plaintiff responds that the document used present-tense offer language, stated a definite price, and identified the property and its owner; whether it was an offer is a factual question inappropriate for dismissal.

Defendants contend that the disclaimer defeats assent. Plaintiff responds that the disclaimer says only that the check is not a real check, not that there is no offer to buy the home. A disclaimer directed at the check's authenticity does not conclusively negate the substantive offer language surrounding it.

Defendants contend that Maryland law makes the alleged contract invalid absent statutory disclosures. Plaintiff responds that § 10-702 does not negate contract formation; it addresses disclosure duties and rescission rights after a contract of sale exists.

Defendants contend that their March 2026 rescission letter moots or defeats the claim. Plaintiff responds that the letter expressly disclaims any concession that a contract existed and therefore does not eliminate the factual

dispute, particularly where the statutory rescission prerequisites have not been established on the present record.

Defendants contend that Plaintiff has not alleged enough against Mr. Chandler. Plaintiff responds that direct personal participation is alleged and discovery should be permitted before dismissal.

Defendants contend that summary judgment is appropriate because Plaintiff supposedly failed to provide statutory disclosures. Plaintiff responds that Defendants' motion itself depends on extra-record assertions not supported by the kind of sworn factual record necessary to eliminate genuine disputes and also that the Court should not grant summary judgment on a paper record that remains incomplete on these material issues, including Chandler's role, the full history of the mailing, approval chain, rescission decision, and disclosure/disclaimer statement issues, as well as the internal bases for Defendants' position that the offer was conditional and could be withdrawn and Defendants' § 10-702 position.

**CONCLUSION**

Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss. Plaintiff further requests deferral of a decision on Defendants'

alternative motion for summary judgment; at minimum, relief under Rule 56(d) and an opportunity to conduct targeted discovery before any dispositive ruling; and such other and further relief as the Court deems just and proper.

Respectfully submitted,

*David H. Feldman*

David H. Feldman
Plaintiff Pro Se
2220 Shefflin Court
Baltimore, Maryland 21209
(410) 336-3737
dfeldman@comcast.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 4, 2026, I filed the foregoing with the Court and served it on Defendants' counsel of record, Maurice B. VerStandig, 1452 Henderson Ridge Pkwy, # 665, Henderson, Nevada 89012 by first-class mail, postage prepaid.

*David H. Feldman*

David H. Feldman, Plaintiff Pro Se