UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| David H. Feldman, ) | |
| ) | |
| Plaintiff, Pro Se ) | Civil Action No. 25-cv-3920--JRR |
| ) | |
| v. ) | |
| ) | |
| Express Homebuyers, LLC, et al. ) | |
| ) | |
| Defendants ) | |
| ) | |

Rcv'd by: **HD**

USDC- BALTIMORE
'26 AUG 4 PM3:59

## PLAINTIFF'S RULE 56(d) DECLARATION

I am the Plaintiff in this action and have personal knowledge of the facts stated below.

Defendants have moved in the alternative for summary judgment before any discovery has occurred.

I cannot presently present facts essential to oppose summary judgment because there is key evidence solely in Defendants' possession, including evidence related to the Defendants' intent, drafts, versions, and internal treatment of the July 2025 mailing, internal communications about how the offer language was chosen,

who approved and who had the authority to approve the language of the mailing, how the company internally understood the mailing's legal effect, relevant communications involving Chandler, positions related to offer conditionality and the rescission option (including the timing of when they were first discussed and their factual bases), non-privileged communications with third parties or employees about the property's condition or pricing assumptions; and non-privileged disclosure/disclaimer discussions and assertions related to § 10-702.

The July 2025 mailing and the parties' August 2025 exchange are already part of the record.  However, the facts needed to show, e.g., how Defendants internally understood the mailing, whether they treated it as a binding offer and, if not, on what factual basis, and when they first decided to invoke § 10-702 are not in the present record.

Discovery is necessary to address the facts related to the drafting, approval, and distribution of the July 2025 mailing, as well as who approved the final text; and to determine whether Defendants intended the July 2025 mailing as a binding offer; whether they regularly used the same wording with other homeowners; whether they treated my acceptance as creating a contract, and, if not, on what factual

than counsel, including how Defendants viewed those communications in relation to contract formation, enforceability, rescission, and related legal positions.

Plaintiff also needs discovery regarding Brad Chandler's role, including whether he acted personally or only as an agent of the company and what authority he had over the mailing and later communications.

Without this discovery, Plaintiff cannot fairly present facts essential to oppose summary judgment because the present record does not contain the evidence necessary to determine Chandler's role or to test Defendants' characterization of such topics as the July 2025 mailing, the validity of the contract, issues related to a disclosure/disclaimer statement, and validity of a statutory rescission defense.

Plaintiff seeks limited discovery consisting of interrogatories, document requests, requests for admissions, and depositions focused on the topics outlined herein, including the formation, meaning, and internal treatment of the July 2025 mailing, the approval chain, Chandler's role, the rescission decision, the disclosure/disclaimer issues, and the timing and basis for the § 10-702 defense.

I therefore request that the Court defer deciding on the alternative motion for summary judgment and permit targeted discovery before any dispositive ruling, as well as grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 4, 2026.

_David H. Feldman_

David H. Feldman, Plaintiff Pro Se

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 4, 2026, I filed the foregoing with the Court and served it on Defendants' counsel of record, Maurice B. VerStandig, 1452 Henderson Ridge Pkwy, # 665, Henderson, Nevada 89012 by first-class mail, postage prepaid.

_David H. Feldman_

David H. Feldman, Plaintiff Pro Se