IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| DAVID H. FELDMAN<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS HOMEBUYERS, LLC<br><br>Defendant. | ) | Case No. 1:25-cv-03920-JRR |

**OPPOSITION TO RULE 56(d) MOTION FOR**
**LIMITED DISCOVERY AND TO DEFER SUMMARY JUDGMENT**

Comes now Express Homebuyers USA, LLC ("EHU" or the "Defendant"), by and through undersigned counsel, pursuant to Local Rule 105(2), in opposition to the motion for leave to conduct limited discovery (the "Motion"), ECF No. #22, of David H. Feldman ("Mr. Feldman" or the "Plaintiff"), and states as follow:

## I. Introduction

Mr. Feldman is seeking discovery of matters that are not relevant to the question before this Honorable Court on summary judgment and, as such, the Motion merits denial. EHU has posited that it is irrelevant if a contract was ever formed between that entity and Mr. Feldman because, even if such a contract were formed, the same was rescinded by statutory right. Mr. Feldman, of course, cannot much base a claim for breach of contract on a contract that has been rescinded.

In the Motion, however, Mr. Feldman proposes to take wide-ranging discovery into a litany of matters that do not impact disposition of the foregoing, simplistic issues. There is no suggestion that EHU's theory of rescission is errant. Nor is there any suggestion that EHU did not properly

communicate its notice of rescission in a manner that was then actually received by Mr. Feldman. There is, rather, simply a robust list of topics into which Mr. Feldman wishes to pry.

Not only are these areas of discovery irrelevant to the dispositive motion currently before this Honorable Court but, worse, there is increasingly a concern this suit is being maintained for vexatious and harassing purposes. Mr. Feldman, a member of the Maryland bar, is seeking discovery on the "internal communications" of EHU, seeks information about what persons have authority to take various actions, and, *inter alia*, wishes to probe "communications reflecting Defendants' internal understanding of the mailing's legal effect. . ." These are simply not topics reasonably calculated to have any discernable impact on the question before this Honorable Court. But this is the sort of far-reaching discovery someone might be inclined to propound if their goals were aligned with the weaponization of litigation.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged the Motion be denied.

## II. Standard

The Federal Rules of Civil Procedure permit a party to respond to a summary judgment motion by, *inter alia*, showing "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . ." Fed. R. Civ. P. 56(d). And, upon such a showing, a court may, relevantly, "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(2).

## III. Argument: The Motion Merits Denial

As is manifest from the pending motion to dismiss or for summary judgment, *see* ECF No. 20, EHU has a relatively simply defense to this suit: even if, *arguendo*, a mailed advertisement could be construed as an offer to purchase Mr. Feldman's home, such is of no moment since Maryland law requires certain disclosures to be made in connection with the sale of any residential

real property and EHU seasonably rescinded any offer—per the allowances of Maryland law—before such disclosures were made. The universe of facts relevant to this defense is markedly skinny and uniformly contained in the record of this litigation. Yet Mr. Feldman suggests he must take prophylactic discovery before he is in a position to fulsomely respond to the dispositive motion. Such is simply not a viable contention.

In the Fourth Circuit, ". . . parties wishing to obtain additional discovery must 'specifically allege why the information sought would have been sufficient to create a genuine issue of material fact such that it would have defeated summary judgment.'" *Works v. Colvin*, 519 F. App'x 176, 183 (4th Cir. 2013) (citing *Strag v. Bd. of Trustees*, 55 F.3d 943, 954 (4th Cir. 1995); *Nguyen v. CAN Corp.*, 44 F.3d 234, 242 (4th Cir. 1995)).

Here, Mr. Feldman has not specifically identified why the information sought would help create a dispute of fact sufficient to overcome the pending dispositive motion. To the contrary, the Motion avers, in threadbare fashion:

> Without this discovery, Plaintiff cannot fairly present facts essential to oppose summary judgment because the present record does not contain the evidence necessary to determine Chandler's role or to test Defendants' characterization of the July 2025 mailing, the approval decisions, the decisions to challenge the validity of the contract, the issues related to a disclosure/disclaimer statement, and their later assertion of a statutory rescission defense.

Motion, DE #22, at p. 3.

Nor is this a matter of form over substance, where Mr. Feldman has simply neglected to note some relevance that is otherwise apparent. Upon examination, there truly appears to be no nexus between the subjects of proposed discovery and the issue before this Honorable Court. The thrust of the summary judgment portion of the dispositive motion turns on allegations that (i) an advertisement was sent to Mr. Feldman, *see* Motion, DE #22, at p. 2; (ii) Mr. Feldman attempted to treat that advertisement as an offer and accept the same, *id.*; (iii) an agent of EHU then wrote to

Mr. Feldman, noting that Maryland law requires certain disclosures in connection with the purchase or sale of a residential building, *id.* at p. 3; and (iv) the agent of EHU therein also exercised a statutory right of rescission, available at any time prior to the making of the aforesaid disclosures, *id.*

Critically, Mr. Feldman is not disputing any of these allegations. Nor does the proposed range of discovery appear calibrated to test any of these allegations. Mr. Feldman is, rather, suggesting a wide-reaching inquiry into the internal affairs of EHU and the facts underlying the mailing of the advertisement in the first instance. Yet such matters are not relevant to the rescission argument set forth in the dispositive motion and, as such, are not discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . .").

Nor are the facts relevant to the dispositive motion—receipt of the mailing and the communications between the parties that ensued—otherwise unavailable to Mr. Feldman. To the contrary, these are innately items equally within Mr. Feldman's possession, custody and control, and of which he seems to have firm command in light of his desire to push forward with litigation. These realities, in turn, also weigh against allowing discovery. *See, e.g., Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 246-47 (4th Cir. 2002) ("Generally speaking, 'sufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party.'") (quoting 10B Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2741, at 419 (3d ed. 1998)).

At bottom, it appears Mr. Feldman wishes to engage in discovery for purposes of engaging in discovery—not because such is relevant to responding to the pending dispositive motion. Such

desires, however, are well beyond the ambit of Rule 56(d). And the Motion is accordingly meritorious of denial.

## IV. Conclusion

WHEREFORE, the EHU respectfully prays this Honorable Court (i) deny the Motion; (ii) grant summary judgment in favor of EHU and against the Plaintiff, pursuant to the dispositive motion; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 18, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Express Homebuyers USA, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2026, a copy of the foregoing was served via this Honorable Court's CM/ECF system, with a copy also being served via US Mail, postage prepaid, upon:

David Haskell Feldman
2220 Shefflin Court
Baltimore, MD 21209

/s/ Maurice B. VerStandig
Maurice B. VerStandig