**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**NORTHERN DIVISION**

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY
BY
AUG 3 1 2026
FILED ENTERED
LOGGED RECEIVED

**David H. Feldman,** )

**Plaintiff, Pro Se** )

**v.** ) **Civil Action No. 25-cv-3920--JRR**

**Express Homebuyers, LLC, et al.** )

**Defendants** )

---

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 56(d) MOTION FOR LIMITED DISCOVERY AND TO DEFER SUMMARY JUDGMENT**

---

## I. Introduction

Defendants' opposition rests on a mischaracterization of both the relevance of the requested discovery and the legal standards governing Rule 56(d) relief. Defendants argue that their statutory rescission defense is a "simplistic" matter requiring no factual development. Defendants' opposition confirms why limited discovery is necessary. Defendants seek summary judgment on an affirmative statutory-rescission theory while contending that the facts supporting that theory are either undisputed or immaterial. The requested discovery is directed to the

factual predicates of Defendants' own position, including the handling of Plaintiff's acceptance, the factual basis and authorization for the claimed rescission, and Chandler's role and authority.

Plaintiff respectfully incorporates by reference, solely to avoid unnecessary repetition and only to the extent relevant here, Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, and Plaintiff's accompanying Rule 56(d) declaration. Plaintiff does not seek privileged attorney-client communications, attorney work product, discovery into Defendants' general business affairs, or discovery for an improper purpose. Plaintiff seeks limited, nonprivileged factual discovery necessary to respond to Defendants' alternative summary-judgment argument.

Plaintiff also disputes Defendants' additional factual and legal characterizations underlying the requested summary judgment. Plaintiff disputes that the disclaimer expressly stated that no offer existed; that an inspection, "near perfect condition," repricing, or later-offer requirement was communicated in the mailing or before Plaintiff's written acceptance; and that Defendants' August 2025 explanation was consistent with the terms of the mailing. Plaintiff further disputes

that the absence of a disclosure or disclaimer statement made contract formation legally impossible or that Defendants have established all factual and statutory predicates for an effective rescission under § 10-702. Among these are the transaction to which they contend the statute applies, the status of any alleged contract of sale, and the basis on which they contend their March 30 notice was effective. Plaintiff specifically disputes Defendants' contentions that (i) the mailing was merely an advertisement and not an offer, and (iv) that the March 30, 2026 letter conclusively and effectively exercised a statutory rescission right; as to (ii) and (iii), Plaintiff disputes the legal and factual implications Defendants draw from those facts. To the extent Defendants rely on factual assertions not supported by declaration, exhibit, or other admissible evidence—such as the characterization of the mailing as merely an advertisement, the existence of an inspection or repricing condition, or the automatic effectiveness of the March 30 rescission—Plaintiff disputes those assertions as unsupported by the record.

---

**II. The Requested Discovery Is Relevant to Defendants' §10-702 Defense**

**Defendants fundamentally misstate the legal standard for relevance under Rule 26(b)(1) and the nature of the disputes before this Court.**

Defendants' opposition suggests that because they assert a statutory rescission right, all facts relating to contract formation, offer and acceptance, and their own understanding of the transaction become irrelevant. This is incorrect both legally and factually. Rule 26(b)(1) permits discovery regarding any matter "relevant to any party's claim or defense," and materiality is measured by whether the information could affect the outcome of the case. Among the critical disputes are whether Defendants' July 2025 mailing constituted a binding offer—not merely an "advertisement" as Defendants now characterize it and whether Defendants treated Plaintiff's written response as forming a contract.

Under Maryland law, whether a communication is an offer turns on whether a reasonable person in the recipient's position would understand it as inviting acceptance and creating a binding obligation upon acceptance, assessed by the communication's language, context, and the parties' conduct. Defendants' internal drafting and approval records are directly probative of that objective understanding.

These facts are material because they bear directly on whether Defendants' rescission defense is itself a good-faith assertion of a statutory right or rather a post-hoc litigation position. Under Maryland contract law, a party's own understanding of whether they made a binding offer—as reflected in their intent, communications, and treatment of another party's attempted acceptance—is material evidence on the contract formation question.

Defendants cannot simultaneously argue that their mailing was merely a unilateral advertisement and discovery is unnecessary. The universe of discoverable facts is not limited to Defendants' post-hoc legal conclusions; it includes the factual predicate for those conclusions.

Those positions make material the facts underlying: (1) Defendants' characterization of the July 2025 mailing; (2) any inspection, condition, repricing, withdrawal, or other limitation Defendants contend applied to the stated price; (3) Defendants' treatment of Plaintiff's written acceptance; (4) the timing and factual basis of Defendants' March 30, 2026, rescission position in relation to their receipt and processing of Plaintiff's July 31, 2025, acceptance; and (5) the authority and

role of the individuals who approved or communicated the mailing and subsequent position.

---

**III. Plaintiff Has Satisfied the Fourth Circuit Standard for Rule 56(d) Relief**

**Defendants cite *Works v. Colvin* for the proposition that Plaintiff must "specifically allege why the information sought would have been sufficient to create a genuine issue of material fact."** Plaintiff has done precisely that.

The Fourth Circuit requires a Rule 56(d) movant to show, by affidavit or declaration, “the particular facts expected from further discovery” and “why those facts are material to the outcome of the case.” *Works v. Colvin*, 733 F.3d 522, 526 (4th Cir. 2013). In his Rule 56(d) declaration, Plaintiff identified discrete categories of nonprivileged documents and communications—such as materials concerning the conditions Defendants contend applied to the stated price, the handling of Plaintiff’s acceptance, the factual basis and authorization for the claimed rescission, and Chandler’s role and authority—and explained how each category bears on Defendants’ factual assertions underlying their summary-judgment defense.

In his Rule 56(d) declaration, Plaintiff identified specific areas where Defendants' discovery would likely create disputes of material fact, including:

- **On contract formation:** If discovery reveals that Defendants drafted the July 2025 mailing with language ordinarily understood as an offer in the homebuying context, that contradicts Defendants' characterization of it as a mere advertisement.
- **On Brad Chandler's role:** If discovery reveals that Chandler had actual or apparent authority to bind Defendants on matters of contract formation and rescission, that is material to whether any rescission was valid and timely.
- **On the timing of rescission:** If discovery reveals that Defendants decided to assert the §10-702 defense only after learning of Plaintiff's acceptance—rather than before—that raises questions about whether the rescission was truly made in the manner and timing required by statute.
- **On standard business practices:** If discovery reveals that Defendants regularly uses similar mailings and regularly treat acceptances of such

mailings as contract formation, that contradicts the theory that these are mere advertisements.

Plaintiff has not engaged in "threadbare" pleading. He has identified *specific* categories of evidence, identified *why* those categories matter to Defendants' asserted rescission defense and related factual characterizations, and shown *how* they would create disputes of material fact. This is precisely what *Works* requires.

If discovery shows Chandler lacked actual or apparent authority to effectuate rescission on Defendants' behalf—or that Defendants' own policies required additional approvals—then whether the asserted §10-702 rescission was effective may turn on unresolved factual questions concerning authority and authorization, creating a genuine dispute of material fact.

---

**IV. The Relevant Facts Are Exclusively in Defendants' Possession**

**Defendants' reliance on the principle that discovery is "especially important when facts are exclusively in control of the opposing party" actually supports Plaintiff's position, not theirs.**

Defendants argue that the facts Plaintiff needs are "innately items equally within Mr. Feldman's possession," but Plaintiff can only know what *he* received and what *he* did. He cannot know such information as:

- How Defendants drafted the mailing;
- Who approved the final language;
- What Defendants' internal communications reveal about their understanding of Plaintiff's acceptance;
- The timing and factual basis of Defendants' March 30, 2026 rescission position in relation to their receipt and processing of Plaintiff's July 31, 2025 acceptance;
- The factual basis and authorization for the claimed rescission; and
- What Chandler's actual authority was.

These facts are uniquely and exclusively in Defendants' possession. The principle cited by Defendants in *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214 (4th Cir. 2002) supports permitting discovery here, not denying it.

## V. Defendants' Characterization of the §10-702 Defense

**Defendants present the §10-702 defense as though it is a self-executing, fact-free legal conclusion.** It is not.

Even a statutory rescission right requires a factual predicate:

- Was a contract formed? (A question of fact)
- If so, was rescission timely asserted before certain disclosures? (A question of fact requiring evidence of *when* rescission was communicated and received)
- Were the statutory conditions satisfied? (A factual question)

Defendants cannot bootstrap their legal theory into a fact-free summary judgment defense by simply asserting that "even if a contract was formed, it was rescinded." Whether a rescission was properly made—in the manner and timing required by statute, with proper notice and receipt—is itself a factual question. Defendants' own understanding of their obligations and the timing of their actions is material to that question.

Maryland Real Property §10-702 permits a buyer to rescind a contract to purchase residential real property at any time before a disclosure/disclaimer statement is provided by the vendor if the buyer provides written notice of rescission in the manner prescribed by statute and the contract itself. Whether that right was properly exercised—and whether it extinguishes an otherwise binding contract—turns on factual questions including whether a contract was formed at all.

---

**VI. Plaintiff's Request for Discovery Is Not Vexatious or Harassing**

**Defendants' suggestion that Plaintiff's Rule 56(d) motion is motivated by "weaponization of litigation" is unsupported and improper.**

Plaintiff, as a pro se litigant, has filed a narrowly tailored request for limited discovery directly relevant to disputed material facts essential to Plaintiff's opposition to summary judgment. This *limited* discovery is focused on *specific* categories of nonprivileged evidence directly relevant to the pending dispositive motion. This is a proper use of Rule 56(d), not an abuse of process. The fact that the discovery seeks information about Defendants' internal decision-making does

not render it improper; internal communications are routinely discoverable in contract formation disputes.

Defendants' discomfort with providing this discovery does not transform a legitimate Rule 56(d) motion into a harassment tactic.

---

## VII. The Discovery Is Proportional to the Needs of the Case

**Rule 26(b)(1) permits discovery that is "proportional to the needs of the case."**

Rule 26(b)(1) permits discovery that is "proportional to the needs of the case." Plaintiff's request is limited to targeted, nonprivileged evidence specifically identified in his Rule 56(d) declaration. He is not seeking a company-wide document dump or a fishing expedition. The discovery requested—drafting communications, approval records, and Defendants' own contemporaneous understanding of Plaintiff's acceptance of the offer and the later rescission—is proportional to a contract formation dispute and directly necessary to oppose summary judgment.

To further clarify the scope of the existing Rule 56(d) motion, and without limiting the foregoing categories, Plaintiff seeks limited nonprivileged discovery concerning:

1. Any inspection, property-condition, repricing, withdrawal, or other condition Defendants contend applied to the stated price, including when and how Defendants contend that condition was communicated to Plaintiff;
2. Defendants' nonprivileged business records and communications concerning Plaintiff's July 31, 2025, acceptance and Defendants' handling of that acceptance;
3. The date, participants, authorization, and nonprivileged factual basis of Defendants' March 30, 2026, rescission position and their decision to invoke § 10-702, including the timing of that position in relation to Defendants' receipt and processing of Plaintiff's July 31, 2025, acceptance;
4. The facts and documents on which Defendants rely to contend that § 10-702 applies to the alleged transaction and affords Defendants a right to rescind, including the operative contract of sale Defendants contend was

subject to rescission, its alleged date of formation, its parties, and its material terms;

5. The identity, authority, and participation of the persons who approved, sent, or communicated the July 2025 mailing and the March 2026 rescission position, including Defendant Chandler's role; and

6. Nonprivileged business materials concerning any inspection, condition, or repricing requirement Defendants contend applied to Plaintiff's July 2025 mailing, including documents showing when and how Defendants contend that requirement was communicated to Plaintiff.

---

## VIII. Conclusion

Defendants' opposition rests on the erroneous premise that the §10-702 rescission defense can be resolved on summary judgment without any factual development of how Defendants understood their own mailing, when they decided to rescind, what authority Chandler possessed, and whether the rescission was actually timely and properly communicated. **Plaintiff respectfully**

**requests that this Court permit limited discovery before deciding Defendants' motion for summary judgment, as Rule 56(d) contemplates.**

Plaintiff requests that this Court **grant his Rule 56(d) motion, defer the summary judgment motion pending limited discovery, and grant such other and further relief as the Court deems just and proper.**

Respectfully submitted,

David H. Feldman
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of August 2026 I served a copy of the foregoing document on Defendants' attorney, Maurice B. VerStandig, Esq., by U.S. Mail, postage prepaid, at The VerStandig Law Firm, LLC, 1452 W. Horizon Ridge Pkwy, # 665 Henderson, Nevada 89012.

David H. Feldman
Plaintiff, Pro Se